# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
Geragos@Geragos.com

MARK J. GERAGOS SBN 108325
(mark@geragos.com)
BEN J. MEISELAS SBN 277412
(meiselas@geragos.com)

Local Counsel for Plaintiff and the Proposed Class

Brian J. Wanca
(bwanca@andersonwanca.com)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368- 1500
Fax: 847-368-1501
*[Pro Hac Vice]*

Counsel for Plaintiff and the Proposed Class

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., a California corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, NYLIFE SECURITIES LLC and JOHN DOES 1-10, <br><br> Defendants. | **Case No.  2:15-cv-04767 AB** <br><br> **JOINT RULE 26(f) REPORT** <br><br> Complaint filed: June 24, 2015 <br><br> Hon. Andre Birotte Jr. |

12578.0001/5161476.1

In accordance with this Court's Order Setting Rule 26(f) Scheduling Conference (Dkt. 26), Plaintiff Eric B. Fromer Chiropractic, Inc. ("Fromer") and Defendants New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC ("New York Life"), submit the following for their Joint Rule 26(f) Report:

### a.   Statement of the Case

**Plaintiff's Statement:**

This case arises from an alleged violation of the Telephone Consumer Protection Act ("TCPA"), a federal law that has been in effect since 1991. Under the TCPA, which was modified and renamed the Junk Fax Protection Act ("JFPA") in 2005, it is unlawful to send an advertisement to someone's fax machine without the recipient's express permission.[1]

On or about March 25, 2015 and March 31, 2015, Fromer received advertisements from New York Life, via its facsimile machine, for its "Savings and Investing: 20/20" workshop/presentation ("the Fax Ads"[2]). Fromer had not provided permission to New York Life to send it advertisements via its facsimile machine. Fromer did not consent to New York Life's fax advertisements. Accordingly, Fromer brought this action against New York Life to recover the statutory damages provided for violations of the TCPA.[3] Fromer has asserted its own individual claim and also seeks to represent a class consisting of the other recipients of New York Life's Fax Ads.

Independent of the above, the California Business Code § 17538.43 provides for a private right of relief against Defendants for the conduct alleged in the

---

[1]    47 U.S.C. 227(b)(1)("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement").

[2]    A copy of the Fax Ad is before this Court as Exhibit A to the Complaint.

[3]    The TCPA provides damages of "actual monetary loss [or] $500 in damages for each such violation, whichever is greater." 47 U.S.C. 227(b)(3)(B).

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  Complaint – the sending of the unsolicited faxes to Plaintiff and the Class.

2      Plaintiff needs to conduct discovery to determine the size and contours of the

3  Class for all advertisements sent by or on behalf of New York Life and their parents

4  or affiliates.

5  **Defendants' Statement:**

6      Plaintiff sued Defendants for allegedly violating the Telephone Consumer

7  Protection Act, as amended by the Junk Fax Prevention Act, 47 U.S.C. § 227

8  ("TCPA") and Cal. Bus. & Prof. Code § 17538.43 ("§ 17538.43"), based on two

9  single-page informational faxes ("Faxes") he received.  Defendants deny that they

10 violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

11 ("TCPA") in any respect, deny Plaintiff's claims, and deny that this Action can be

12 maintained as a class action.  First, the faxes were informational faxes that are not

13 regulated by the TCPA or Cal. Bus. & Prof. Code § 17538.43.   Moreover,

14 Defendants are not directly or vicariously liable under the TCPA where they neither

15 controlled nor ratified the actions of the parties who sent the faxes at issue and

16 where those parties were not acting as their authorized agents.  Finally, Plaintiff's

17 section 17538.43 claim fails for the independent reason that it is preempted by the

18 TCPA.  *Chamber of Commerce of the U.S. v. Lockyer,* No. 2:05-CV-2257, 2006

19 WL 462482, at *9 (E.D. Cal. Feb. 27, 2006).

20      For the reasons set forth in Defendants' Motion and Reply Brief, the hearing

21 on which is scheduled concurrently with the Initial Scheduling Conference, if this

22 case is not dismissed or the class action language is not stricken, this case should be

23 stayed pending the outcome of the Supreme Court's decision(s) in *Gomez v.*

24 *Campbell-Ewald* and *Robins v. Spokeo*.[4]

25

26

27 _____

[4]    *Gomez v. Campbell-Ewald*, 135 S. Ct. 2311 (cert. granted); *Robins v. Spokeo, Inc.*, 135 S. Ct. 1892 (cert.
granted).

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1

### b.    Subject Matter Jurisdiction

2

This Court has federal question jurisdiction over the claims brought under the

3

Telephone Consumer Protection Act and pendent jurisdiction over the claims

4

brought under the California Business Code § 17538.43.

5

### c.    Legal Issues

6

**Plaintiff's Statement:**

7

The TCPA prohibits the sending of an advertisement to someone's fax

8

machine absent two exceptions:   (1) the sender obtained "express invitation or

9

permission"[5] from the recipient prior to sending the advertisement or (2) the sender

10

and the recipient had an "established business relationship"[6].   Additionally, all

11

facsimile advertisements – whether solicited[7] or unsolicited[8] – must include an opt-

12

out notice that, along with several other requirements, informs the recipient of the

13

right to demand that the sender stop sending them facsimile advertisements.

14

The TCPA defines an "unsolicited advertisement" as "any material

15

advertising the commercial availability or quality of any property, goods, or

16

---

17

[5]   47 U.S.C. 227(b)(1)("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement". . . . 'unsolicited advertisement' means any material advertising the commercial

18

availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission").

19

[6]   47 U.S.C. 227(b)(1)(C)("It shall be unlawful for any person . . . to send, to a telephone facsimile machine,

20

an unsolicited advertisement, unless . . . the unsolicited advertisement is from a sender with an established business relationship with the recipient").

21

[7]   *See Nack v. Walburg*, 715 F.3d 680, 685 (8th Cir. Mo. 2013)("we believe that the regulation

22

[implementing the TCPA] requires the senders of fax advertisements to employ the above-described opt-out language even if the sender received prior express permission to send the fax."); *see also Vandervort v. Balboa*

23

*Capital Corp.*, 287 F.R.D. 554 (C.D. Cal. 2012)("The [TCPA] therefore unambiguously requires a compliant opt-out notice on an unsolicited fax, notwithstanding the existence of an established business relationship. The FCC's

24

TCPA regulation . . . also prohibits sending *solicited* fax advertisements without the requisite opt-out notice." (*emphasis in original*). Ira Holtzman, C.P.A. & Assocs.  v. Turza, 728 F.3d 682, 683 (7th Cir. Ill. 2013) (*cert. denied*

25

*in Turza v. Holtzman*, 134 S. Ct. 1318 (U.S. 2014)).

26

[8]   73 Fed. Reg. 64556 at 64556, ¶ 3 ("The Junk Fax Prevention Act also requires that all unsolicited facsimile advertisements include an opt-out notice that instructs recipients on how to notify senders that they do not wish to

27

receive future facsimile advertisements."); 71 Fed. Reg. 25967 at 25969 ("the Junk Fax Prevention Act . . . requires senders to include a notice on the first page of the unsolicited advertisement that instructs the recipient how to

28

request that they not receive future unsolicited facsimile advertisements from the sender.")

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

services, which is transmitted to any person without that person's express invitation or permission."[9]   To the extent that the issue of express-invitation-or-permission is contested, the burden of proof falls on the sender of the advertisement and the proof must rise to the level of clear and convincing evidence: "Senders that claim their facsimile advertisements are delivered based on the recipient's prior express permission must be prepared to provide clear and convincing evidence of the existence of such permission. . . . the burden of proof rests on the sender to demonstrate that permission was given".[10]

In the context of the TCPA, an "established business relationship" is defined as follows:

> The term "established business relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a [fax recipient] with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the [fax recipient] regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.[11]

The TCPA imposes two additional requirements to fall within the "established business relationship" ("EBR") exemption.   First, "the sender [must have] obtained the number of the telephone facsimile machine through . . . the voluntary communication of such number . . . from the recipient of the unsolicited advertisement, or . . . a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number."[12]   Second, the "advertisement contains a[n opt-out] notice meeting the requirements under

---

[9]      47 U.S.C. 227(a)(4).

[10]     71 Fed. Reg. 25967 at 25972;

[11]     47 C.F.R. § 64.1200(f)(5).

[12]     47 U.S.C.  § 227(b)(1)(C)(ii).

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

paragraph [47 U.S.C. § 227](2)(D)"[13]  Finally, as with the issue of prior-express-invitation-or-permission, the advertiser bears the burden of proof on the EBR issue:

> To ensure that the EBR exemption is not exploited, we conclude that an entity that sends a facsimile advertisement on the basis of an EBR should be responsible for demonstrating the existence of the EBR. The entity sending the fax is in the best position to have records kept in the usual course of business showing an EBR, such as purchase agreements, sales slips, applications and inquiry records. . . . Should a question arise, however, as to the validity of an EBR, the burden will be on the sender to show that it has a valid EBR with the recipient.[14]

Along with the propriety of class certification, these are the key legal issues. As to class certification, "[c]lass certification is normal in litigation under [47 U.S.C.] § 227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients."[15]  The traditional requirements for class certification – numerosity, typicality, commonality, adequacy, predominance, and superiority – will be the subject of discovery and will likely be contested.

Plaintiff also seeks relief for violation of the California Business Code § 17538.43 for the sending of the unsolicited faxes to Plaintiff and the Class.

In this case, Defendants' advertisements do not contain the proper opt-out language and thus the defenses of prior express permission or invitation and established business relationship are not available.  *See, Ira Holtzman, C.P.A. v. Turza,* 728 F.3d 682, 688 (7th Cir. 2013); *Chapman v. First Index,* ---F.3d---, 2015 WL 4652878 at 1* (7th Cir. Aug. 6, 2015).

---

[13]     47 U.S.C. § 227(b)(1)(C)(iii); *see also Vandervort v. Balboa Capital Corp.,* 287 F.R.D. 554, 561 (C.D. Cal. 2012)("The [TCPA] therefore unambiguously requires a compliant opt-out notice on an unsolicited fax, notwithstanding the existence of an established business relationship.")

[14]     71 FR 25967 at 25967.

[15]     *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 683 (7th Cir. Ill. 2013)(*cert. denied in Turza v. Holtzman,* 134 S. Ct. 1318 (U.S. 2014))

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**Defendants' Statement:**

Plaintiff's TCPA and his California Business Code § 17538.43 claims both fail, Plaintiff is not entitled to the relief sought, this case should not proceed as a class action and, in the short term, should be stayed.  First, Plaintiff's entire legal argument rests upon the incorrect assertion that the two Faxes attached to the Complaint constitute "advertisements" under the TCPA. Unsolicited faxes are actionable under the TCPA <u>only if</u> they are "advertisements."   47 U.S.C. § 227(b)(1)(C).  The Faxes attached to the Complaint are not advertisements,[16] which is in part why Plaintiff states that he needs to conduct "discovery . . . for all advertisements sent by or on behalf of New York Life and their parents or affiliates".[17] Plaintiff's attempt to broaden the case beyond Faxes pleaded in the Complaint both implicitly concedes the problems with Plaintiff's legal theory and improperly seeks to expand the scope of the claims asserted beyond the two informational Faxes that he received. In short, the Faxes attached to the Complaint merely invited the recipient to attend a free informational workshop for medical professionals to learn more about improving their personal finances.  The Faxes did not advertise or sell any goods or services – legal prerequisites under the TCPA for a finding that the Faxes were "advertisements" under the TCPA.

Nor are Defendants directly or vicariously liable under the TCPA for sending these Faxes where they neither controlled nor ratified the actions of the parties who sent the Faxes and where those parties were not acting as their authorized agents.

Plaintiff's section 17538.43 claim fails for these same reasons, but also for the independent reason that the TCPA preempts this state-law statute.  *Chamber of Commerce of the U.S. v. Lockyer,* No. 2:05-CV-2257, 2006 WL 462482, at *9 (E.D. Cal. Feb. 27, 2006).

---

[16]     An "advertisement" is defined as material that promotes the "commercial availability or quality of any property, goods, or services."  47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1).

[17]     Joint Statement, 3:2-4.  Plaintiff also stated this position in the Rule 26f conference between counsel.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

The proposed class definition should be stricken as a fail-safe class because it incorporates within its definition numerous disputed merits issues, such that an individual's membership in the class depends on the validity of the claims on the merits. Accordingly, it is an improper class definition, and the matter cannot proceed as a class action.

Finally, the Court need not reach the foregoing issues yet, if at all. The case should be stayed until the U.S. Supreme Court resolves *Gomez v. Campbell-Ewald* and *Robins v. Spokeo*. Here, Defendants made an Offer of Judgment to Plaintiff under Federal Rule of Civil Procedure 68 that offered Plaintiff full and complete relief. These two cases bear directly on two issues fundamental to this case, namely (a) whether Plaintiff's claims have been mooted by an Offer of Judgment under Federal Rule of Civil Procedure 68, and (b) whether Plaintiff lacks Article III standing to assert claims based on an alleged statutory violation of the TCPA without also establishing damage that rises to the level of actual, concrete, non-*de minimis* injury in fact. Thus, this case should be stayed.

### d.   Parties, Evidence, etc

**Plaintiff's Statement:**

The parties currently are Eric B. Fromer Chiropractic, Inc., New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC.

**Defendants' Statement:**

The parties currently are Eric B. Fromer Chiropractic, Inc., New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC.

### e.   Damages

**Plaintiff's Statement:**

The TCPA provides damages of "actual monetary loss [or] $500 in damages for each such violation, whichever is greater."[18] The TCPA also provides for treble

---

[18]   47 U.S.C. 227(b)(3)(B).

damages if the defendant acted "willfully or knowingly."[19]  Fromer is seeking the statutory damages of $500.00 on its individual claim.  Fromer may request treble damages upon discovery of evidence that New York Life's conduct was willful or knowing.  Although Fromer will seek the same damages on behalf of each and every member of the class, the total amount of such damages cannot be determined at this time because the number of illegal faxes has not been discovered.

**Defendants' Statement:**

Defendants made Plaintiff an Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68, offering Plaintiff full and complete relief.  Plaintiff is not entitled to more than what Defendants offered for any proposed statutory violation of the TCPA and state law.  Moreover, Defendants assert that even if any violation of the TCPA and state law occurred, which Defendants deny, it resulted from an error, notwithstanding procedures reasonably adapted to avoid such a violation and, consequently, any such violation was not a willful, intentional, or knowing violation, entitling Plaintiff to treble damages here.  Defendants deny that Plaintiff is entitled to damages in excess of the Rule 68 Offer of Judgment, or that class-wide relief is appropriate.

**f.     Insurance**

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, New York Life states that it is not aware of any insurance policy or reimbursement or indemnity agreement that in all reasonable possibility would be called upon to respond in whole or in part to the claims in this suit.

---

[19]     47 U.S.C. 227(b)(3)(B).

12578.0001/5161476.1

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**g.**     **Motions**

**Plaintiff's Statement:**

The parties have filed a Stipulation extending the deadline for Plaintiff to file its Motion for Class Certification until 30 days after the close of class discovery.

**Defendants' Statement:**

Defendants intend to move for summary judgment and to oppose any motion for class certification.

**h.**     **Manual for Complex Litigation**

n/a

**i.**     **Status of Discovery**

Plaintiff filed its Rule 26(a)(1) Disclosure on August 24, 2015.

Defendants will file their Rule 26 Disclosures on or before October 8, 2015. Defendants' counsel has advised Plaintiff's counsel of the parameters of the number of parties to whom the two faxes attached to the Complaint were sent.

No other discovery has been initiated by either party.

**j.**     **Discovery Plan**

Discovery Cut Off: June 20, 2016

**Plaintiff's Statement:**

Discovery will likely be needed on the following subjects with regard to the claims of Fromer: (1) the identity of each advertisement sent by or on behalf of Defendants during the class period and the number and identity of the persons to whom each advertisement was sent; (2) whether any of the advertisements sent by or on behalf of Defendants contained the required opt-out language; (3) the existence and/or extent of any business relationship between Fromer and Defendants; (4) whether Defendants attempted to obtain "prior express invitation or permission" from Fromer to send it advertisements via facsimile; (5) Defendants'

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

facsimile advertising in general and their familiarity with the TCPA; (6) and how Defendants obtained the fax number for Fromer and the other members of the class. With regard to class certification, discovery will likely be needed on numerosity, commonality, typicality, adequacy, predominance, and superiority. The parties believe that class discovery (Rule 23) needs to be conducted in the first phase.

Discovery will be needed from several non-parties: Defendants' third party list seller and fax broadcaster.

**Defendants' Statement:**

For the reasons set forth above and in Defendants' pending Motions, the case and discovery should stayed.

If the case is not stayed, or the Supreme Court's decisions in *Campbell-Ewald* and *Spokeo, Inc.* do not dispose of issues relevant to this case, Defendants anticipate taking discovery on (1) Plaintiff's relationship to Defendants and/ or their agents, and Plaintiff's consent to receive faxes, including any failure to revoke that consent, if any (2) the content and other information regarding the Faxes received, (3) the circumstances surrounding the receipt of the Faxes, including persons involved, (4) any injury allegedly resulting from receiving the Faxes, (5) the actual damages Plaintiff is seeking as a result of any such injury, if any, and (6) any discovery needed to oppose class certification.

**k.    Discovery Cut-Off**

**Plaintiff's Statement:**

Rule 23 Discovery cut-off date:   June 20, 2016

**Defendants' Statement:**

Defendants agree with Plaintiff's proposed non-expert discovery cut-off date.

**l.    Expert Discovery**

**Plaintiff's Statement:**

Plaintiff to disclose its expert witness(es) and provide its Rule 26 report by

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

March 29, 2016.

Plaintiff to depose Defendants' expert witness(es) by May 25, 2016 and to disclose its rebuttal expert witness and provide its rebuttal report by June 8, 2016.

**Defendants' Statement**:

Defendants to disclose its expert witness(es), depose Plaintiff's expert witness(es) and provide its Rule 26 report by April 26, 2016.

Defendants to depose Plaintiff's rebuttal expert witness by July 11, 2016.

**m.    Dispositive Motions**

**Plaintiff's Statement:**

Fromer anticipates filing a motion for class certification upon completion of Rule 23 discovery: Plaintiff to file its Rule 23 Motion and brief on or before July 20, 2016, Defendants to file opposition on or before August 17, 2016, Plaintiff to file its reply on or before September 1, 2016.  Fromer also anticipates filing a motion for summary judgment on liability and damages after the court rules on Plaintiff's Rule 23 motion and notice is provided to the class.

**Defendants' Statement:**

Defendants have filed a Motion to Dismiss or, in the alternative, Motion to Stay or, in the alternative, Motion to Strike Class Definition that is scheduled for hearing concurrently with the Initial Scheduling Conference.

As to Plaintiff's intended Motion for Class Certification, Defendants agree with Plaintiff's proposed briefing schedule.

Defendants also anticipate filing a motion for summary judgment and/or challenging Plaintiff's Article III standing following the Supreme Court's resolution of *Campbell-Ewald* and *Spokeo*.

**n.    Settlement/Alternative Dispute Resolution (ADR)**

The Parties informally have exchanged some preliminary information regarding the case, but otherwise have had no formal discussions concerning

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

settlement at this time.   The parties agree to participate in a private dispute resolution pursuant to ADR Procedure No. 3 of Local Rule 16-15.4.  The parties do not believe mediation would be fruitful until sufficient Rule 23 discovery has been completed that would enable them to have a better understanding of Plaintiff's standing to pursue the asserted claims, and the size and contours of the class.

**o.**   **Trial Estimate**

The parties estimate 4 days.  Trial by jury has not been demanded by either Party. Number of witnesses Plaintiff anticipates calling:  Plaintiff will be able to provide an estimate of witnesses after class discovery is conducted and the Court rules on Plaintiff's Rule 23 motion.

Number of witnesses Defendants anticipate calling: Defendants will be able to provide an estimate of witnesses after discovery is conducted.

**p.**   **Trial Counsel**

For Plaintiff:       Brian J. Wanca, Ryan M. Kelly, Ben Meiselas
For Defendants:    Lewis S. Weiner, Scott J. Hyman and Divya S. Gupta

**q.**   **Independent Expert or Master**

The Parties do not believe an independent expert or master is necessary for this case at this time.

**r.**   **Timetable**

Schedule of Pretrial and Trial Dates form attached hereto as Exhibit A

**s.**   **Other Issues**

Plaintiff to file its Rule 23 Motion for Class Certification and brief on or before July 20, 2016.

Defendants to file their response in opposition on or before August 17, 2016.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Plaintiff to file its reply on or before September 1, 2016.

The parties request that the Court set a  further case management conference after the Supreme Court issues its decision(s) in *Campbell-Ewald* and *Spokeo*, and after the Court rules on Plaintiff's Rule 23 Motion.

Dated: October 5, 2015

/s/ Ben J. Meiselas
Mark J. Geragos
Ben J. Meiselas
**GERAGOS & GERAGOS APC**
644 South Figueroa Street
Los Angeles, CA 90017-3411
213-625-3900
213-625-1600 (fax)
mark@geragos.com
meiselas@geragos.com

/s/ Ryan M. Kelly
Brian J. Wanca*
Ryan M. Kelly*
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
847-368-1500
847-368-1501 (fax)
bwanca@andersonwanca.com
rkelly@andersonwanca.com
*Admitted pro hac vice*

*Attorneys for Plaintiff Eric B. Fromer*
*Chiropractic, Inc.*

/s/ Lewis S. Wiener
Lewis S. Wiener*
**SUTHERLAND ASBILL &**
**BRENNAN, LLP**
700 Sixth Street, NW, Suite 700
Washington. DC  20001-3980
(202) 383-0100
(202) 637-3593 (fax)
Lewis.Wiener@sutherland.com
*Admitted pro hac vice*

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1

/s/ Scott J. Hyman

2

Scott J. Hyman
Divya S. Gupta

3

**SEVERSON & WERSON**
The Atrium

4

19100 Von Karman Avenue, Suite 700
Irvine, CA 92612

5

(949) 442-7110
(949) 442-7118 (fax)

6

sjh@severson.com
dsg@severson.com

7

8

*Attorneys for Defendants New York Life
Insurance and Annuity Corporation and*

9

*NYLIFE Securities LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411