UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
STAY

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   CV 15-04767-AB (JCx) | Date:   October 19, 2015 |

Title: *Eric B. Fromer Chiropractic, Inc. v. New York Life Insurance and Annuity Corporation, et al.*

---

Present: The Honorable   ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] Order GRANTING Defendants' Motion to Stay (Dkt. No. 23)**

Pending before this Court is Defendants' motion to dismiss or, in the alternative, to stay, or in the alternative to strike class definition.  (Dkt. No. 23)  Plaintiff filed an opposition and defendants filed a reply.  The Court took the motion under submission.  For the following reasons, the Court **GRANTS** the motion to stay, and otherwise **DENIES** the remainder of the motion without prejudice.

**I.   DISCUSSION**

This is an action for violation of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227.  The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C. §227(b)(1)(C).

Defendants seek to stay this action pending rulings from the United States Supreme Court in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) cert. granted, No. 14 857, 135 S.Ct. 2311 (U.S. May 18, 2015) and *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir.

2014) cert. granted, 135 S.Ct. 1892 (U.S. Apr. 27, 2015). In *Campbell-Ewald* and *Spokeo*, the Supreme Court may directly resolve threshold jurisdictional issues relevant to this case. In *Campbell-Ewald*, which, like this case, is a TCPA class action, the Supreme Court is slated to address (1) whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim; and (2) whether the answer to the first question is any different when the plaintiff has asserted putative class claims and receives an offer of complete relief before any class is certified. In *Spokeo*, a Fair Credit Reporting Act ("FCRA") case, the Supreme Court will resolve the issue of whether a plaintiff who alleges a statutory violation but who fails to allege a concrete injury in fact has standing to pursue allegations based on a breach of that statute. These issues are squarely relevant to this case: Defendants have moved to dismiss this action on precisely these grounds.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including (1) the possible damage which may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). Whether to stay proceedings is entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254–55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

Having weighed these factors, this Court agrees with the several other district courts in this state and elsewhere to have addressed the issue that it is appropriate to stay this case pending *Campbell-Ewald* and *Spokeo*. *See, e.g., Stone v. Sterling Infosystems, Inc.*, 2015 WL 4602968, at *3 (E.D. Cal. July 29, 2015) (staying FCRA case pending *Spokeo*); *Wolf v. Lyft, Inc.*, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015) (staying TCPA case pending *Campbell-Ewald*); *Boise v. ACE USA, Inc.*, 2015 WL 4077433 (S.D. Fla. July 6, 2015) (staying TCPA case pending *Campbell-Ewald* and *Spokeo*); *Larson v. Trans Union, LLC*, 2015 WL 3945052, at *1 (N.D. Cal. June 26, 2015) (stating FCRA case pending *Spokeo*); *Williams v. Elephant Ins. Co.*, 2015 WL 3631691 (E.D .Va. May 27, 2015) (staying TCPA case pending *Campbell-Ewald* and *Spokeo*).

Neither Plaintiff nor the class will be materially harmed by a stay pending resolution of *Campbell-Ewald* and *Spokeo*. Indeed, Plaintiff does not suggest that a stay would harm anyone. There is no reason to believe that it will take more than a year for the Supreme Court to resolve these cases: indeed, oral argument was heard in *Campbell-Ewald* on

October 14, 2015.  Meanwhile, if the case is not stayed, the Court, the parties, and the absent class members (who would soon receive class notice if the case were to go forward) would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary.  Finally, the orderly course of justice counsels staying this case: the very issues properly raised in Defendants' motion to dismiss are identical to those now before the Supreme Court.  It makes little sense for this court to address those issues when a conclusive decision is likely forthcoming from the Supreme Court.

Plaintiff argues that a stay is not warranted because, one way or another, the Supreme Court might sidestep the issues relevant to this case.  But that same possibility exists with any case before the Supreme Court, so that possibility has little weight.  Plaintiff also suggests that the Supreme Court is likely to decide the jurisdictional issues in its favor.  However, were this court to engage in that kind of speculation, it might as well decide the issues and deny the stay.  But, in light of the factors discussed above, such an exercise makes little sense because these issues are squarely before the Supreme Court.

## II.  CONCLUSION

In light of the foregoing, the Court **GRANTS** the motion to stay and **DENIES** the remainder of the motion without prejudice.  This case is hereby **STAYED** pending rulings from the U.S. Supreme Court in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) cert. granted, No. 14 857, 135 S.Ct. 2311 (U.S. May 18, 2015) and *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) cert. granted, 135 S.Ct. 1892 (U.S. Apr. 27, 2015).

**IS HEREBY ORDERED** that this action is removed from the Court's active caseload until further application by the parties or Order of this Court.

In order to permit the Court to monitor this action, the Court **ORDERS** the parties to file periodic status reports.   The first such report is to be filed on **January 15, 2016,** unless the stay is lifted sooner.  Successive reports shall be filed every 90 days thereafter.  Each report must indicate on the face page the date on which the next report is due.

The parties are also **ORDERED** to file a status report within seven days of the Supreme Court's resolution of each case.   Once the Supreme Court disposes of both cases, the Court shall set a scheduling conference.

All pending calendar dates are **VACATED**.

The Court retains jurisdiction over this action and the stay and removal of this case from the Court's active caseload shall not prejudice any party to this action.

**IT IS SO ORDERED**