# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., a California corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE AND ANUITY CORPORATION, NYLIFE SECURITIES LLC, and JOHN DOES 1-10,<br><br>Defendants. | **Case No.: CV 15-04767-AB (JCx)**<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **FINAL APPROVAL ORDER AND JUDGMENT** |

This matter coming before the Court on the Motion for Final Approval of the Class Action Settlement (Dkt. No. 75) by Plaintiff, Eric B. Fromer Chiropractic, Inc. ("Plaintiff"), and Defendants, New York Life Insurance and Annuity Corporation and NYLife Securities LLC ("Defendants"), due notice given, the parties appearing through counsel,

**IT IS HEREBY ORDERED THAT**:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court considers the settlement of this action, as embodied in the terms of the Settlement Agreement, a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons who (1) on or about March 25, 2015 or on or about March 31, 2015 (2) were successfully sent telephone facsimile transmissions titled "Savings and Investing 20/20 for Medical Professionals." Excluded from the Settlement Class are (a) the Defendants and their present and former officers, directors, shareholders, members, managers, employees and their successors, assigns and legal representatives; (b) all persons who opted out of the settlement by timely submitting their opt-out request; and (c) the Court and its officers. The parties expressly agreed to the Settlement Class definition for settlement purposes.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. The Court finds that certification for purposes of settlement is appropriate because (1) the class is no numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the of the class; and (e) a class action is the superior means of resolving this controversy.

6. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable

under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

7. Upon the Declaration of Lewis S. Wiener the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

8. No objections were received.

9. No persons/entities requested exclusion from the Settlement Class.

10. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is **APPROVED** and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

11. Defendants have created a settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement notice and administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. If the value of the claims does not exceed 15% of the Settlement Fund ($165,000.00), the difference between the value of

claims made and 15% of the Settlement Fund shall be paid to charity as *cy pres*. The Court has selected The Lawyers Committee for Civil Rights to receive *cy pres* in this case. The remaining unclaimed monies in the Settlement Fund shall revert back to Defendants as outlined and agreed upon in the Settlement Agreement.

12. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form will be mailed a check not to exceed $400.00 from the Settlement Fund. The Claims Administrator received 119 claims corresponding to 314 fax transmissions. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds from Defendants. Checks issued to the claiming Settlement Class members will be void 181 days after issuance and any amount from voided checks shall be retained by Defendants. The total amount to be paid for claims is $125,600.00. In accordance with the Settlement Agreement, the amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

13. The total amount for the *cy pres* award to The Lawyers Committee for Civil Rights to receive will be $39,400.00 ($165,000.00 minus $125,600.00). In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

14. The Court approves Class Counsel's attorneys' fees in the total amount of ~~$319,000.00~~ $106,177.50 and out-of-pocket expenses of $12,770.00, which includes the costs of settlement administration. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

15. The Court approves a ~~$15,000.00~~ $1,000 incentive award to Eric B. Fromer Chiropractic, Inc., for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

16. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17. This action, by or on behalf of Plaintiff and all Settlement Class members against Defendants by reason of the March 25, 2015 and March 31, 2015 fax transmissions titled "Savings and Investing 20/20 for Medical Professionals" are hereby dismissed with prejudice and without taxable costs to any Party.

18. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgement shall be void and be deemed vacated.

19. The Court retains jurisdiction for 180 days over this action. Plaintiff and all members of the Settlement Class and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce tis Order.

20. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgement.

**IT IS SO ORDERED.**

DATED: September 22, 2017

_____
Hon. André Birotte Jr.
United States District Judge